[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court as a Motion to Modify an arbitration award made pursuant to Conn. Gen. Stat. § 10-153f, the Connecticut Teacher Negotiation Act. The Act provides for a mechanism of binding arbitration between a local or regional board of education and the union representing the teachers or school administrators, in the event of the inability to conclude a collective bargaining contract.
The act provides for two steps in the arbitration process. After a first arbitration before a panel or a single arbitrator, the award on each disputed issue must be "the last best offer" of one side or the other. Conn. Gen. Stat. § 10-153f(c)(4). If the legislative body of the school district, by a two-thirds majority, votes to reject the award, a second arbitration occurs. The second arbitration panel sits only as a reviewing panel of the record and briefs of the previous arbitration. The review panel is limited, as was the initial arbitration panel, to awarding the last best offer of one of the parties. Conn. Gen. Stat. § 10-153f(c)(7).
The decision of the review panel is final and binding and no further legislative recourse is available to the school district. Judicial review is available, however. Pursuant to Conn. Gen. Stat. § 10-153f(c)(8), the Superior Court is authorized to vacate or modify the decision of the review panel if substantial rights of a party have been prejudiced because of one of a number of factors set forth in the statute. The plaintiff alleges that the review panel's decision is in excess of its authority, affected by error of law, clearly erroneous, and arbitrary and capricious. Conn. Gen. Stat. § 10-153f(c)(8)(B), (D), (E), and (F). The court finds the plaintiff's claims to be without merit.
In the instant case the remaining disputed issue after the first arbitration was the salary, including the dollar and step CT Page 5618 increases, for employees in the 1999-2000 year. What is interesting is that the parties agree that the last best offer of the Board of Education should be adopted as the new salary provision of the contract for that year. They disagree on the interpretation of that offer. The court will attempt to state the problem as simply as possible.
The Board's proposal for the 1998-99 school year included an overall salary increase but provided for a step down on the scale for all employees at level 11 or lower. The practical results of the proposal were set forth in a "grid" that was provided as an exhibit. The Board's proposal for the 1999-2000 school year provides for a salary increase and a step up in all levels except level 14 at the top of the scale.
When the first arbitration panel rendered its award, it adopted the Association's proposal for the 1998-99 year and the Board's proposal for the 1999-2000 year. Neither party challenges the resolution by the first panel of the 1998-99 salary issue. But the Board's proposal for 1999-2000 school year, in particular its step increases, presupposed that the Board's rather than the Association's schedule for the previous year would also have been adopted, which did not occur. The result of the adoption of opposing proposals in sequential years was to have two different methods of assigning step levels and salary scale to employees. But the statute allows the arbitration panels to make no alterations in the "last best offer" of either party.
The first arbitration panel was minutely attuned to the problem of accepting only the written offer as proposed. The first panel issued an amendment to the award that reads as follows:
 It is understood by and between the parties and held by the panel that the reference to numbers of teachers on any particular step of the salary schedule for the year 1999-2000 presented by the Board in its last best offer was explanatory in nature and not to be considered part of the last best offer and therefore not part of the award.
This amendment was within the statutory mandate but did not clarify for the parties how certain employees could get from year A to year B with an understandable interpretation of what step they would advance to or what their salary would be. CT Page 5619
The review panel chose to tackle this problem head on. In a thoughtful and well-written decision, the majority of the review panel wrestled with the conflict between the statutory mandate of accepting one side's proposal in an all-or-nothing manner versus imposing an interpretation of how the proposal would actually work in practice as part of its award. It opted for the latter. What the review panel did was accept the first panel's original award while rejecting the "amendment." The review panel held that the information in the 1998-99 "grid" presented as an exhibit by the Board in both arbitrations was more than explanatory; it was an essential component of the Board's 1999-2000 last best offer and thus part of the review panel's award.
The plaintiff Education Association of Cheshire argues that this annexation of the 1998-99 grid onto the 1999-2000 award oversteps the bounds of the panel's statutory authority, and it asks the court to modify the award accordingly. The Cheshire Board of Education takes the opposite view.
The argument of the plaintiff is that the award by the review panel is not in "contract language" and therefore does not conform to the "Branford test," under Branford Board ofEducation v. Branford Education Association, Conn. Super. Ct. J.D. New Haven, D.N. 179099 (Oct. 10, 1980), contained in the record at page 344, which holds that unless such language is used the award is not final and definite and thus subject to modification. Absent any statement by the appellate courts of Connecticut, Judge Satter's reasoning in Branford is as good an exegesis of how to apply 10-153f as one can find. Both parties agree that the Branford test is instructive and that its reasoning ought to inform the court.
But the real Branford test is not a formal one; it is a functional one. If, whatever the language used, the award is susceptible to a variety of interpretations and therefore does not conclusively terminate the dispute, the court may set it aside or modify it. The original award in this case was susceptible to a variety of interpretations if one did not refer to the 1998-99 grid. Only with reference to the grid does the award, in fact, become one that is in a form that will terminate the contract controversy.
The award of the review panel is an acceptance of the last best offer of the Board in the only way that the offer can reasonably be understood. Certainly the court exercising its CT Page 5620 authority under the statute to "modify" an award could have acted to impose a similar clarification of the award in order to bring the controversy to a close. It now exercises its authority to endorse the resolution of the review panel. The application of the plaintiff to modify the award is denied. The court declines to award fees and costs.
Patty Jenkins Pittman, Judge